(No. 1882—

ALMER WOLF ET AL., Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 21, 1934.*

JOHN M. STAGER, for claimant.

OTTO KERNER, Attorney General; CARL DIETZ, Assistant Attorney General, for respondent.

Mr. Justice Yantis delivered the opinion of the court:

Claimant herein asks an award of $875.00 for damages claimed to have been occasioned by flood waters, resulting in loss and damage to stock and grain on the farm owned by the Henry Wolf estate on which claimant was a tenant. The Declaration filed herein avers that the loss occurred on October 11, 1931, and was due to the fact that when the embankment for laying the slab on Route 40 in the North West Quarter of Section 4, Township 21, N. R. 7 East of the 4th P. M. in Whiteside County, Illinois, was built, that same was constructed without culverts to admit the passage of flood waters under said highway; that a pond or lake was thereby created, resulting in the damages stated.

The Attorney General's office has filed a motion on behalf of respondent to dismiss the claim.

There is no sufficient averment in the Declaration to legally justify an award, and the motion to dismiss should be allowed. While the damage is charged to be the result of flood waters, there is no charge in the Declaration of any legal neglect or negligence on the part of the State that could warrant a claim against it.

However, as the evidence has all been taken, the case can be disposed of on its merits, under the evidence as submitted.

An examination of the evidence and the record discloses that when Route 40 was built, the embankment on which the slab was laid was built to the west of the former roadway and was built to a grade which was considered high enough to prevent flood waters from rising above the surface of the highway, and was built two feet higher than the maximum high water mark of which any record could be obtained; that on the night of October 11, 1931, a cloudburst occurred and the water in the Elkhorn bottoms where the Wolf land laid rose higher than at any previous time; that even on the downstream side of the highway, it was approximately a foot higher than ever before, and that the latter could not have been affected in any way by the building of the road in question.

The record further discloses that the old bridge over Elkhorn Creek that existed before the construction work, had a

span of 77 feet and that the new bridge has three 60-foot spans; that Elkhorn Creek is a winding, twisting stream through the Wolf land and that the engineers in charge of the preliminary construction plans for the State, made additional offers, and submitted plans to Henry Wolf, the then owner of the land, to avoid the future possibility of the flood waters of Elkhorn Creek piling up on the land back of the Wolf buildings. The record further discloses that approximately eight inches of rain fell in the area in question on the night of October 11, 1931, that the maximum high water record before the construction work was 158.0 which was considerably higher than the old highway, and which would be sufficient to make the entire Elkhorn bottom impassable in case of flood. The new pavement was built at elevation of .160, and the elevation of water on the upstream side on the night of the cloudburst, was approximately 161.2.

The court finds from the record that there is no proof that S. B. I. Route 40 was constructed in a negligent or improper manner in the section complained of; that the evidence conclusively shows proper construction throughout with sufficient and adequate drainage under conditions which might be ordinarily and reasonably expected; that the charge made in the complaint "That the embankment was built without culverts, etc.", is not supported by the evidence, but that the record discloses affirmatively that concrete culverts were constructed and that the new bridge offered a flow-opening almost two and one-half times greater than the former bridge.

Where it appears that the respondent has exercised ordinary care in the construction of bridges and culverts over water-courses on private land and is not otherwise guilty of negligence there is no liability for damages occasioned an adjacent proprietor by extraordinary and unforeseen floods choking or washing out the channel of the stream. *Peoria & P. U. R. Co.* vs. *Barton*, 38 Ill. App. 469; *Illinois Cent. R. R. Co.* vs. *Bethel*, 11 Ill. App. 17.

This court in many instances has held that respondent in building and maintaining a system of improved hard-surfaced highways acts in its sovereign capacity in carrying out a governmental function and cannot be held liable for the negligence of its officers or agents. *Morrissey* vs. *State*, 2 C. C. R. 254; *Dunning* vs. *State*, 5 C. C. R. 232; *Highland* vs. *State*, 6 C. C. R. 384; *Bucholz, Admr.* vs. *State*, 7 C. C. R. 241.

While the flood in question, no doubt, resulted in grave hardship and misfortune to claimant, there is no legal or equitable grounds upon which the State could be held to respond in damages, and the claim is therefore denied and case dismissed.